

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00078-CR

_____

DEREK DEWAYNE DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28657

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Derek Dewayne Davis pled guilty to possession of a penalty group 1 controlled substance in an amount greater than one gram but less than four grams[1] and pled true to one enhancement paragraph. Pursuant to a plea bargain with the State, Davis was sentenced to fifteen years' imprisonment.[2] The trial court certified that this was a plea-agreement case and that Davis had no right of appeal; nonetheless, Davis, acting pro se, filed a notice of appeal. Because we find that we are without jurisdiction over this case as a result of Davis's plea bargain with the State, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)   . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A)   those matters that were raised by written motion filed and ruled on before trial, or
>
> (B)   after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Davis either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Davis's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure,

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c).

[2] In conjunction with the plea agreement, Davis waived his right of appeal.

this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* Tᴇx. R. Aᴘᴘ. P. 25.2(d).

We informed Davis of this apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Although Davis responded to our jurisdictional defect letter, the response did not remedy the jurisdictional defect that prevents us from hearing this appeal.

Because Davis has no right of appeal as a result of his plea bargain with the State, and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:    September 22, 2021
Date Decided:      September 23, 2021

Do Not Publish

3